IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICK DEVOLL,

      Petitioner,               No. 2:09-cv-2136-JFM (HC)

   vs.

F. A. GONZALES (Warden A)

      Respondent.          ORDER

_____/

      Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is proceeding before a United States Magistrate Judge with the consent of the parties pursuant to 28 U.S.C. § 636(c). See Consents to Jurisdiction of United States Magistrate Judge filed August 12, 2009 and October 26, 2009.

      Petitioner challenges the sentence imposed following his 2005 conviction, entered pursuant to a plea of nolo contendere, on charges of lewd and lascivious acts upon a child under the age of fourteen. This matter is before the court on respondent's motion to dismiss this action as barred by the statute of limitations.

      Section 2244(d)(1) of Title 28 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

  For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:[1]

  1. On November 14, 2005, petitioner was convicted pursuant to a plea of nolo contendere and sentenced to twelve years in prison. Petitioner did not appeal his sentence.

  2. On June 18, 2008, petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. The petition was denied on August 11, 2008.

  3. On August 20, 2008, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. The petition was denied on November 6, 2008.

/////

---

[1] The filing dates for all of petitioner's state court habeas petitions and for the instant action are determined by application of the so-called mailbox rule. See Houston v. Lack, 487 U.S. 266 (1988).

4. On December 21, 2008, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. The petitioner was denied on June 10, 2009.

6. On July 26, 2009, petitioner filed the instant petition.

Petitioner contends that the limitation period did not start to run until the United States Supreme Court decided Cunningham v. California, 549 U.S. 270 (2007), on January 22, 2007. This contention is without merit. The decision in Cunningham "did not announce a new rule of constitutional law." Butler v. Curry, 538 F.3d 624, 639 (9th Cir. 2008). For purposes of this action, the limitations period commenced when petitioner's conviction became final, not when the decision in Cunningham was announced. Petitioner's conviction became final on January 13, 2006, sixty days after judgment was entered in his criminal case. See Cal. Rules of Court, rule 8.308. The limitation period began to run the next day, on January 14, 2006. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). It expired one year later, on January 14, 2007. Petitioner did not seek collateral review in the state courts for over seventeen months after the limitation period expired. This action is therefore time-barred. See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (state habeas petitions filed after expiration of federal limitations period do not toll or revive expired federal limitations period).

Petitioner contends that he is entitled to equitable tolling because his attorney did not timely pursue a claim based on Cunningham, as he had represented to petitioner that he would. See Ex. AA to Petition for Writ of Habeas Corpus, filed August 3, 2009. In support of this claim, petitioner relies on a letter to him from his attorney, dated January 2, 2007. Id. The acts or omissions of petitioner's trial counsel in connection with seeking postconviction relief do not entitle petitioner to equitable tolling. See Frye v. Hickman, 273 F.3d 1144 (9th Cir.2001), *cert. denied*, 535 U.S. 1055 (2002).

For all of the foregoing reasons, this action is barred by the statute of limitations. Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's October 26, 2009 motion to dismiss is granted;

2.  This action is dismissed as barred by the statute of limitations; and

3.  A certificate of appealability is denied.  <u>See</u> Rule 11, 28 U.S.C. foll. § 2254 (as amended eff. Dec. 1, 2009).

DATED: December 10, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

12
devo2136.mtd

4